456 So.2d 739 (1984)
COVINGTON COUNTY, Mississippi, Board of Education of Covington County, Mississippi, et al.
v.
Myrtle P. PAGE, et al.
No. 54279.
Supreme Court of Mississippi.
September 5, 1984.
*740 John K. Keyes, Collins, for appellants.
Thomas R. Crews, Thompson, Alexander & Crews, Jackson, Carroll Ingram, Ingram & Matthews, Hattiesburg, C. Glen Bush, Sam E. Scott, Heidelberg, Woodliff & Franks, Jackson, for appellees.
Before PATTERSON, C.J., and DAN M. LEE and PRATHER, JJ.
DAN M. LEE, Justice, for the Court:
This controversy surrounds the ownership of the Southwest Quarter of the Northwest Quarter of Section 3, Township 7 North, Range 17 West, Covington County, Mississippi. More specifically, we are asked to address an order of the Chancery Court of Covington County which confirmed title to the subject property in the appellees and cancelled clouds upon that title where those clouds represented claims by the appellant, Covington County, to ownership of the land. A weighing of the equities involved in this cause leaves little room for doubt that the decision of the chancery court was correct.
On November 8, 1905, Tom Barnes and his wife, Sarintha Barnes, conveyed the subject property to J.A. Robertson as trustee for Betty A. Lott, beneficiary. B.S. Lowry was subsequently substituted as trustee. On November 23, 1906 Lowry executed a substituted trustee's deed to Betty A. Lott.
On January 7, 1911, Betty A. Lott deeded the subject property by warranty deed to J.E. Watson. Also on that date J.E. Watson and his wife, F.E. Watson, executed a deed of trust to J.E. Odum, president of the board of supervisors of Covington County as beneficiary, Melvin Purvis, Trustee.
Although Betty A. Lott had deeded this property to J.E. Watson on January 7, 1911, the property was assessed to her for the year 1911. The 1911 taxes remained unpaid and by a tax collector's deed dated April 1, 1912, J.L. Warren, tax collector of Covington County, deeded the property to B.F. Lott, Betty A. Lott's husband.
Because of a default of J.E. Watson, Covington County foreclosed on the deed of trust. Minutes of the Covington County board of supervisors meeting of October 8, 1913 reflect that J.W. Kelly was substituted as trustee in place of Melvin Purvis. Thereafter, J.W. Kelly gave notice of a trustee's sale through issues of the Collins Commercial. Subsequently a substituted trustee's deed was executed by J.W. Kelly on November 3, 1913 conveying the land to Sam Williamson as president of the Covington County board of supervisors. An order of the board of supervisors recorded in the December, 1915 minutes authorized payment to J.W. Kelly for foreclosure of the deed of trust.
The appellees claim their title to this land stems from the tax collector's deed to B.F. Lott. Following B.F. Lott's death, a decree pro confesso ordering partition of his property was entered on October 26, 1926. Thereafter, a commissioner's deed was given to A.J. Hooks. This deed was dated December 21, 1926. By warranty deed A.J. Hooks conveyed the property to J.T. Knight the following day, December 22, 1926. The appellees are successors in title to J.T. Knight.
A certified copy of the minutes of the board of supervisors of Covington County was entered into the record which reflects that on March 4, 1940 the board of supervisors entered an order to remove a cloud on the title of the land and to give a deed to J.T. Knight. On that date a quitclaim deed was given from Covington County to J.T. Knight transferring any interest the county might have had in the subject property. The only act since that time which indicated that the county claimed possession or ownership of the land was the execution of an oil, gas and mineral lease to Union Oil Company of California on April 11, 1975.
The appellant, Covington County, urges a number of assignments of error on this appeal; however, we find it necessary to address only one, as our determination of that issue renders the other points inconsequential. The dispositive issue is whether the facts of this case make it ripe for application of the doctrine of equitable estoppel. *741 We have often explained that the following factual elements are a prerequisite to application of the doctrine:
(1) Belief and reliance on some representation;
(2) Change of position as a result thereof;
(3) Detriment or prejudice caused by the change of position. Scotch Plywood Co. of Mississippi v. Gardner, 452 So.2d 845 (Miss. 1984); PMZ Oil Co. v. Lucroy, 449 So.2d 201, 203 (Miss. 1984); Thomas v. Bailey, 375 So.2d 1049 (Miss. 1979); Resolute Ins. Co. v. State, 290 So.2d 599 (Miss. 1974).
The chancellor found as a fact that for each of the sixty eight years from the tax sale of April 1, 1912 until the time of trial, Covington County had collected ad valorem taxes on the subject property. Also, at the time the county executed its quitclaim deed to J.T. Knight, the appellees' successor in title, there was a notation entered upon the minutes of the board of supervisors which stated that J.T. Knight and his grantors had claimed possession and ownership of the land for more than twenty-five years, that there was a cloud on the title to the land in favor of Covington County by reason of a foreclosed deed of trust in 1913, and that the land had ceased being used for county purposes for a long time, and that the county did not own or claim any right, title or interest to the land.
The doctrine of equitable estoppel is to be cautiously applied. It is a shield, not a sword. Perkins v. Kerby, 308 So.2d 914 (Miss. 1975). In State v. Stockett, 249 So.2d 388 (Miss. 1971), this Court addressed whether the doctrine of equitable estoppel may be applied against the state and its municipalities. Quoting from a number of prior decisions of this Court, the decision in Stockett read in part as follows:
In City of Jackson v. Merchants' Bank & Trust Co., 112 Miss. 537, 547, 73 So. 573, 575 (1917) this Court said:
This court, in the cases of Vicksburg v. Marshall, 59 Miss. 563, and Witherspoon v. Meridian, 69 Miss. 288, 13 South. 843, indicates very clearly that the doctrine of equitable estoppel for the protection of individuals against injury of property, in proper cases, may be successfully invoked against municipalities. In Witherspoon v. Meridian, 69 Miss. 288, 13 South. 843, Chief Justice Campbell said:
.....
We are easily persuaded that, with the facts of the instant case before him, that eminent jurist would have applied the doctrine of estoppel in pais; and we think the facts and circumstances here are sufficient to justify the application of the doctrine against the appellant municipality.
In Warren County v. Lamkin, 93 Miss. 123, 161, 46 So. 497, 511 (1908) we find the following statement:
It is apparent on casual examination that, if between private persons, recovery in this case would be impossible. But a slice of sovereignty in the shape of a county as plaintiff erects itself here, and, while there can be no criticism of the authorities in trying to recover what may be legally public property, still courts will be disposed, if they can, to apply the same rules that the law applies as between the humblest and most unpretentious private citizens. This is incumbent on us, and exceptions in favor of sovereignty in matters of property on the application of the statute of limitations must have, of course, strict construction as against the sovereignty.
In Reliance Manufacturing Company v. Barr, 245 Miss. 86, 99, 146 So.2d 569, 574 (1962) the general rule is set out:
The authorities hold generally, however, that the defense of equitable estoppel may apply to a state "in a proper case." Courts have not attempted to define what is meant by the phrase "in a proper case", and it has been pointed out that it is better that each case be controlled by its own facts. 31 C.J.S. Estoppel supra.

*742 However, in view of what we have already said with respect to the Moore and Howie patents, we do not reach the question of whether the doctrine should be applied against the State in the present case or not.[1] Nor are we presented with the question of whether or not it would be applied as against Mrs. Easterling and the other individuals who were parties to the 1936 litigation. (All emphasis added)
249 So.2d at 399, 400.
Considering the actions of the board of supervisors in giving a quitclaim deed to J.T. Knight and collecting ad valorem property taxes from Knight and his successors in title, this is an appropriate case to raise the shield of estoppel. The county ignored whatever title it may have had and assessed and collected taxes on the property from 1911 through 1982, the date of the lower court hearing. Admitting that it had no real interest to the land, the county attempted to clear the title in 1940 by delivering a curative quitclaim deed. Thereafter the county continued to assess and collect taxes from the Knights and their successors in title until 1975 when there was a possibility of oil exploration on the property. Suddenly the county arose from its slumber and attempted to assert an interest in the title to the property. Having awakened to the smell of oil, the county wanted to ignore the fact that it had extracted taxes for years along with the fact that it had executed a quitclaim deed thirty-five years prior. The collection of taxes and the signing of the deed are affirmative actions of the county which give rise to equitable estoppel in this case.
A party to a transaction may not induce another to act on a reasonable belief that he has waived or will waive certain rights which he is entitled to assert without being estopped to insist on those rights to prejudice the one misled. National Surety Corp. v. Vandevender, 235 Miss. 277, 108 So.2d 860 (1959). Once the county denied any interest in the property, gave a deed thereto and collected taxes thereon it could not void the effect of those acts by taking a position inconsistent with them. Wood Naval Stores Export Assn. v. Gulf Naval Stores Co., 220 Miss. 652, 71 So.2d 425 (1954).
The county had abandoned any claim to title to the property and will not now be allowed to assert that title to the detriment of the appellees who have acted in good faith and reasonably relied upon the county's actions as representing such an abandonment. River Valley Company v. Deposit Guaranty National Bank, 331 F. Supp. 698 (N.D.Miss. 1971). Undoubtedly, this is the "proper case." See State v. Stockett, supra.
The county argues that the quitclaim deed was void for lack of consideration. As authority it cites Miss. Const. of 1890, ART. IV § 95 which reads:
Section 95. Lands belonging to, or under the control of the state, shall never be donated directly or indirectly, to private corporations or individuals, or to railroad companies. Nor shall such land be sold to corporations or associations for a less price than that for which it is subject to sale to individuals. This, however, shall not prevent the legislature from granting a right of way, not exceeding one hundred feet in width, as a mere easement, to railroads across state land, and the legislature shall never dispose of the land covered by said right of way so long as such easement exists.
This provision has no application to the instant facts. The board of supervisors expressly denied that it had any interest, right or title to the subject property. The minutes of the board of supervisors' meeting remove any doubt as to the county's position regarding its interest in the land and reason for executing the quitclaim deed:

*743 ORDER TO REMOVE CLOUD ON TITLE OF LAND AND TO GIVE DEED TO J.T. KNIGHT
It being made known to the Board of Supervisors of Covington County, Mississippi, in open session that J.T. Knight and his grantors have claimed possession and ownership of the land described as SW 1/4 of NW 1/4, of Section 3, Township 7 North, Range 17 West, containing 40 acres, more or less, situated in Covington County, Mississippi, for more than 25 years, and that there is a cloud on the title to said land in favor of Covington County by reason of a foreclosed deed of trust in 1913, and said land in ceasing to be used for county purposes for a long period of time and the county not owning or claiming any right, title or interest therein, on motion duly made, seconded, and carried it is hereby ordered that the President of the Board of Supervisors, acting in his official capacity, for said Covington County, Mississippi, be and he is hereby authorized and ordered to execute to J.T. Knight a quit claim deed to the above described land for the purpose of removing said cloud from his title, as provided by Section 216, Code of 1930.
So ordered in open session, this March 4th, 1940. (Emphasis added)
It should be clear then that the county did not "donate" land belonging to it in violation of § 95. Rather, the quitclaim deed was to quiet title to property the county claimed no interest in.
Therefore, based on all of the foregoing, we hold Covington County is estopped to assert title to the Southwest Quarter of the Northwest Quarter of Section 3, Township 7 North, Range 17 West, Covington County, Mississippi. The order of the chancellor is hereby affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
NOTES
[1] For an enlightening analysis of equitable estoppel as applied to a governmental entity, see Justice Patterson's special concurring opinion in Stockett at 401-403.