470 So.2d 1055 (1985)
Betty P. SUGGS, d/b/a Quick Check of Caledonia and Marty Killebrew, d/b/a Killebrew's Grocery
v.
TOWN OF CALEDONIA, Mississippi, a Municipal Corporation.
No. 54782.
Supreme Court of Mississippi.
May 29, 1985.
*1056 Lydia Quarles, McAlpin, Wise & Quarles, Starkville, Donald J. Steighner, Columbus, for appellants.
J. Gordon Flowers, Gholson, Hicks & Nichols, Columbus, for appellee.
Before PATTERSON, DAN M. LEE and ROBERTSON, JJ.
DAN M. LEE, Justice, for the Court:
This action was initiated when the appellants, Suggs and Killebrew, owners of convenience stores in Caledonia, Mississippi, filed a complaint in the Lowndes County Chancery Court seeking to enjoin the Town of Caledonia from enforcing a municipal ordinance regarding the sale of beer. The chancellor ruled that he would issue a writ of injunction against Caledonia as to Suggs on a theory of estoppel; however, the chancellor refused to extend the injunction so as to prohibit Caledonia from enforcing the ordinance against Killebrew. From the chancellor's ruling, Killebrew appeals on the ground that the chancellor erroneously decided that the doctrine of estoppel would not apply to his benefit. Suggs appeals because of the chancellor's failure to determine that he was entitled to any damages under the Mississippi Antitrust Act. Caledonia cross-appeals the chancellor's finding that the doctrine of estoppel would bar it from enforcing its ordinance against Suggs.

I.
In April, 1982, Betty Suggs purchased a small convenience store known as Quick Check of Caledonia. Prior to Ms. Suggs' purchase of the business it had operated as a convenience store for a period of more than twelve years, all of which time beer was sold on the premises. Ms. Suggs testified that during her first month of business, April, 1982, 58.2% of her business was from the sale of beer. Since that time her beer sales have fluctuated but have always been a considerable portion of her business. She stated that she would not have opened the store had she known that she would not have been allowed to sell beer. Ms. Suggs' bookkeeper and sister-in-law, Bess Steinman, testified that without the sale of beer Ms. Suggs would be operating at a loss. Records prepared by Ms. Steinman indicated that was correct.
Marty Killebrew is the owner of Killebrew's Grocery. He had operated the combination hardware store and grocery store for many years. In late 1980 he decided his business needed to expand. He began to make plans to relocate his store. After making capital improvements in excess of $50,000, Killebrew moved to his present location on April 5, 1982. He had already obtained his beer license prior to moving because he stated that the Caledonia mayor had told him he should do so.
Within days after opening his store, the Town of Caledonia notified Killebrew of a municipal ordinance prohibiting the sale of beer within fifteen hundred (1500) feet of a school or church. Both Killebrew's and Suggs' beer permits expired September 1, 1982. The State Tax Commission refused to renew their permits on the grounds that the Caledonia ordinance prohibited them from selling beer. A survey conducted at the city's request had revealed that Killebrew's grocery was within one hundred fifty (150) feet of a church and Suggs' business was fourteen hundred fifty six (1456) feet away from a church.
*1057 Mayor Walton Willis testified that the town did not know that Suggs' business was within fifteen hundred feet of a church until it got the survey results July 20, 1982. Mayor Willis testified that he had known of the municipal ordinance for at least as long as he had been mayor, ten years. The mayor further testified that he had discussed the sale of beer with Killebrew during the period of Killebrew's remodeling and that at that time the two of them went to the town hall to look up the law as it related to the sale of beer. Because the mayor was under the mistaken impression that the municipal ordinance had been preempted by a county ordinance, he did not mention it to Killebrew. The mayor later learned that the municipal ordinance was in fact valid.
As previously stated, the chancellor held that Caledonia was estopped to enforce its ordinance against Suggs but that it was free to do so against Killebrew.
This Court has previously held that the doctrine of equitable estoppel may be applied against the state and its municipalities. Covington County v. Page, 456 So.2d 739 (Miss. 1984); State v. Stockett, 249 So.2d 388 (Miss. 1971); City of Jackson v. Merchants Bank and Trust Company, 112 Miss. 537, 73 So. 573 (1917); Witherspoon v. Merdian, 69 Miss. 288, 13 So. 843 (1891).
In Covington Co. v. Page, the elements of estoppel were set forth as follows:
The appellant, Covington County, urges a number of assignments of error on this appeal; however, we find it necessary to address only one, as our determination of that issue renders the other points inconsequential. The dispositive issue is whether the facts of this case make it ripe for application of the doctrine of equitable estoppel. We have often explained that the following factual elements are a prerequisite to application of the doctrine:
(1) Belief and reliance on some representation;
(2) Change of position, as a result thereof;
(3) Detriment or prejudice caused by the change of position. Scotch Plywood Co. of Mississippi v. Gardner, 452 So.2d 845 (Miss. 1984); PMZ Oil Co. v. Lucroy, 449 So.2d 201, 203 (Miss. 1984); Thomas v. Bailey, 375 So.2d 1049 (Miss. 1979); Resolute Ins. Co. v. State, 290 So.2d 599 (Miss. 1974).
456 So.2d at 741.

ESTOPPEL AS TO KILLEBREW
Killebrew claims that he acted on the representation of the Caledonia Mayor, Walton Willis, in locating his store where he did. Because a municipality may act only through its minutes, ordinarily the unauthorized acts of one of its officials does not estop a municipality from acting in its governmental capacity. Reliance Manufacturing Co. v. Barr, 245 Miss. 86, 146 So.2d 569 (1962); Colle Towing Co. v. Harrison County, 213 Miss. 442, 57 So.2d 171 (1952); American Oil Co. v. Marion County, 187 Miss. 148, 192 So. 296 (1939); Lancaster v. City of Columbus, 333 F. Supp. 1012 (N.D.Miss. 1971). Both Mayor Willis and Tom Wiggins, an alderman and vice-mayor, testified that Willis had been given no authority from the town board of aldermen to single handedly grant exemptions from the town zoning ordinances. Therefore the chancellor correctly ruled that Killebrew could not rely on the mayor's comment to him that the sale of beer was only required to be a reasonable distance away from churches and that in the mayor's opinion Killebrew's business was such a distance away. Because Killebrew could not validly rely on the mayor's comments we agree with the chancellor that there is no factual foundation to support the application of the doctrine of estoppel as to Killebrew.

ESTOPPEL AS TO SUGGS
The chancellor found that because Caledonia had allowed the sale of beer from the Suggs' location for some twelve *1058 years, it was estopped from enforcing the ordinance against Suggs. The town has cross-appealed this finding and asserts that its lack of knowledge that the Suggs' store was within fifteen hundred (1500) feet of the church prevents the doctrine of estoppel from being applied. The town is correct that as an essential prerequisite to application of the doctrine of estoppel the party to be estopped must have had knowledge of the situation. In Resolute Ins. Co. v. State, 290 So.2d 599 (Miss. 1974); we said:
The rule that one may be estopped by his silence, however, presupposes that one not only had the duty to speak out, but that he had an opportunity to do so and in addition, that his failure to speak when the opportunity was presented, was either intentional or in negligent disregard of plain dictates of conscience and justice. Canal-Commercial Trust & Savings Bank v. Brewer, 143 Miss. 146, 143 Miss. 184, 108 So. 424, 109 So. 8, 47 A.L.R. 45 (1926).
290 So.2d at 602.
Because the evidence is uncontradicted that neither the mayor nor the board of aldermen of the Town of Caledonia were aware that Suggs' convenience mart was within fifteen hundred (1500) feet of a church until the July 20, 1982 survey, we are compelled to hold that the chancellor erred in applying the doctrine of estoppel to prevent Caledonia from enforcing its ordinance against Suggs.
Because we conclude that the town may validly enforce its ordinance against both Killebrew and Suggs, we find no merit to Suggs' antitrust argument.
Therefore, based on all of the foregoing, we hereby hold that the doctrine of estoppel is not applicable to bar the Town of Caledonia's enforcement of its municipal ordinance. The decision of the chancellor is affirmed in part and reversed in part.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
PRATHER, J., not participating.