# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 1998-SA-01313-SCT

*JERRY M. ROWZEE*

*v.*

*PUBLIC EMPLOYEES' RETIREMENT SYSTEM*

## ON MOTION FOR REHEARING

| | |
|---|---|
| DATE OF JUDGMENT: | 03/09/1997 |
| TRIAL JUDGE: | HON. L. BRELAND HILBURN, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DARLENE D. BALLARD |
| ATTORNEY FOR APPELLEE: | MARY MARGARET BOWERS |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 12/21/2000 |
| MOTION FOR REHEARING FILED: | 12/29/1999; 1/4/2001; denied 3/1/2001 |
| MANDATE ISSUED: | 3/8/2001 |

**EN BANC.**

**BANKS, PRESIDING JUSTICE, FOR THE COURT:**

¶1. The motion for rehearing is granted. The original opinion is withdrawn, and these opinions are substituted therefor.

¶2. This case presents the issues whether a public employee should be credited for part-time work performed when he was a graduate student at a public university and whether, in any event, the retirement system should be estopped from disallowing such a credit because of the passage of time between the university including the student in its report to the system and the system's determination that the time was ineligible for retirement purposes. We conclude that the retirement board has interpreted the statutory scheme correctly and that estoppel does not apply on these facts. Accordingly, we affirm the judgment of the circuit court upholding the decision of the retirement board.

## I.

### a.

¶3. On December 12, 1995, the Board of Trustees of the Public Employees' Retirement System ("PERS") held that the appellant, Dr. Jerry R. Rowzee ("Rowzee"), was not entitled to service credit for the time that he was employed in an assistantship position while a graduate student at the University of Mississippi. The Opinion and Order of the PERS Board were based on the statutory exclusion of students from membership in the Retirement System. Miss. Code Ann. § 25-11-105 II (1999). That decision was affirmed by the

Circuit Court of the First Judicial District of Hinds County, Mississippi on July 13, 1998.[1]

**b.**

¶4. Rowzee began employment in a position covered under the Public Employees' Retirement System ("PERS"), prior to the time period for which he claims entitlement to coverage for the time he served in a graduate assistant position at the University of Mississippi. Rowzee at the time of the hearing before the PERS board was an active member of PERS through his employment with the Department of Rehabilitation Services and had approximately 29 years of creditable service, not counting the disputed year.

¶5. Immediately prior to the academic year in question, 1973-1974, Rowzee was employed as a guidance counselor at Callaway High School in Jackson. At the time, he had earned his Master's Degree plus an additional thirty-three (33) hours. As an employee of the Jackson Public School System, Rowzee participated in PERS.

¶6. Upon application and acceptance to the graduate program at the University of Mississippi, Rowzee was hired as a graduate assistant by Dr. Grady E. Harlan, a Professor and Chairman of the Counseling and Educational Psychology Department. Rowzee was hired to teach one course, advise students, and work with graduate students taking the course. These duties required approximately 30 hours of work by Rowzee each week according to Harlan and Rowzee. The University and Rowzee made contributions to PERS during the entire period of his employment as a graduate assistant. Dr. Harlan testified that Rowzee was classified by the university as a "quarter pay" employee, a position with a salary which was one quarter of a full salary position.

¶7. During the 1973-1974 fiscal year, the University reported Rowzee to the retirement system as an employee eligible for coverage and transferred the requisite employee and employer's contributions to the retirement system. The contribution amount was calculated on Rowzee's total compensation of $2,250 for the year, which was paid in eight (8) installments of $281.25.

¶8. In June of 1991, out of curiosity Rowzee called PERS to request an estimate of his benefits through July 1, 1991. Rowzee had believed that he had twenty-five (25) years of service credit and would, therefore, be eligible for retirement.[2] PERS reviewed his file and disallowed the 1973-1974 fiscal year based on the reports from the University of Mississippi which indicated that Rowzee worked less than half-time in the position he occupied and received less than half pay for the position.

¶9. In August of 1991, Rowzee inquired as to the disallowance of the service credit for the 1973-1974 fiscal year. He was asked to provide documentation to substantiate his claim of entitlement to the one year's service credit at issue. In response, Dr. Harlan wrote a letter to PERS stating that Rowzee worked thirty (30) hours per week in the assistantship program. The file was once again reviewed, and it was determined that the position Rowzee held as a graduate assistant was that of student employment and he was therefore not entitled to creditable service. Soon thereafter, the University of Mississippi was credited with the contributions it made for the fiscal year 1973-1974 on behalf of Rowzee.

¶10. Some three months later, Rowzee wrote requesting that the PERS executive director review his case. At that time, Miss. Code Ann. § 25-11-120 (1999) had not yet been enacted, thus, the appeal process was somewhat different from the one statutorily in place today. In December of 1991 the case went before the claims committee which made its recommendation to the full Board of Trustees to deny Rowzee's

request.

¶11. Rowzee made his last request for a hearing in February of 1995. In March of 1995 the final administrative decision disallowing creditable service for the period in question was issued. Thereafter, Rowzee prosecuted an appeal to the Circuit Court of the First Judicial District of Hinds County. The circuit court entered an order affirming the Opinion and Order of the PERS Board of Trustees. Rowzee then perfected this appeal.

## II.

### a.

¶12. In a case such as this, the standard of review is whether the Board's decision was (1) unsupported by substantial evidence, (2) arbitrary and capricious, (3) beyond the powers of the Board to make, or (4) violative of a statutory or constitutional right of Rowzee. *Sprouse v. Mississippi Employment Sec. Comm'n*, 639 So.2d 901, 902 (Miss. 1994).

¶13. This Court may not substitute its own judgment for that of the agency which rendered the decision, nor may we reweigh the facts of the case. *Mississippi Pub. Serv. Comm'n v. Merchants Truck Line, Inc*., 598 So.2d 778, 782 (Miss. 1992). A rebuttable presumption exists in favor of PERS's decision, and Rowzee is left with the burden of proving the contrary. *Mississippi Comm'n on Envtl. Quality v. Chickasaw County Bd. of Supervisors*, 621 So.2d 1211, 1215 (Miss. 1993).

### b.

¶14. Rowzee claims that in denying his coverage under PERS for the 1973-1974 period, the Board of Trustees relied on documents provided by the University of Mississippi which described his position as a graduate assistant in a "quarter pay" position, requiring only 10 hours of work per week. Although Rowzee does not dispute the fact that 10 hours of work a week is a "part-time" job and justifies a denial of admittance to PERS, he argues that he was instead required to work 30 hours a week and the circumstances surrounding his employment was quite different from those of a university student in a part-time "work/study" program.

¶15. PERS cites Miss. Code Ann. § 25-11-105 II (1972) and Regulation 37 as adopted by the PERS Board of Trustees in 1991. It asserts that a plain reading of the law required the Board to deny Rowzee coverage. Miss. Code Ann. § 25-11-105 II as it read in 1973-74 stated in pertinent part:

II. THOSE WHO ARE NOT ELIGIBLE FOR MEMBERSHIP

The following classes of employees and officers shall not become members of this retirement system, any other provisions of Articles 1 and 3 to the contrary notwithstanding:

(a) Any person who has retired from service under any retirement system of this state operating for state, county, or municipal employees and who is receiving benefits therefrom;

(b) Patient or inmate help in state charitable, penal or correctional institutions;

(c) *Students of any state education institution employed by any agency of the state for temporary, part-time or intermittent work*

(emphasis added).

¶16. In 1991, the PERS Board of Trustees adopted Regulation 37 which clarified the Board's stance on eligibility for membership of student employees.

> Regulation Regarding Student Labor
>
> The following regulation confirms and reaffirms prior construction of law, practice and procedure of the System.
>
> Section 25-11-105 II provides that "Students of any state educational institution employed by any agency of the state for temporary, part-time or intermittent work" shall not become members of the Retirement System, any other provisions of Articles 1 and 3 to the contrary notwithstanding."
>
> Any employee having the status of a student who, incidental to such person's status as a student, is employed by the institution being attended, shall be deemed to be in part-time, temporary or intermittent employment and such employment shall not constitute covered employment, except that any active member of PERS who elects to pursue additional education at the institution where employed shall remain an active member, provided such employee continues, without interruption, to be employed by any covered agency, other than the educational institution which the person is attending, shall be covered in the same manner as non-students. Any student employed by any covered agency for a period of 4 and ½ months or less; i.e. summer employment, is employed on a temporary basis and shall not be covered by the System.

(emphasis added).

¶17. It does appear that Rowzee often worked as much as 30 hours or more per week, a requirement which he was made aware of when arriving according to the testimony of Dr. Harlan. Rowzee was one of only five doctoral students who received an assistantship position out of a possible 35 students. Harlan described "quarter time" as strictly being a pay grade and not in terms of time.

¶18. Nevertheless, given our limited review we must defer to PERS's finding that Rowzee did not qualify for credit during the year in question. The board heard the evidence presented and was therefore in the better position to assess the witnesses. Further, there is substantial evidence to support the Board's findings. Rowzee was a student. He was, at least nominally, a quarter time, and, undisputably, a quarter pay student employee. Thus, the finding that he was part-time was not in error.

¶19. Miss. Code Ann. § 25-11-131 (1972) provided that PERS "*shall*" correct any error if found and adjust the member's benefits according. There surely is nothing arbitrary or capricious about PERS's attempting to follow a statutory mandate.

<strong><u>c.</u></strong>

¶20. The question arises whether PERS should be permitted to adjust for errors which are not found except after the passage of a considerable length of time, in this case seventeen years. Put differently, should PERS be estopped from declaring the questioned year ineligible because it failed to do so earlier. We answer that question in the negative because Rowzee has failed to show any detrimental reliance on his part.

¶21. Equitable estoppel requires that Rowzee show that (1) he believed and relied on some representation of PERS, (2) he changed his position as a result of the belief or reliance and (3) he suffered some detriment or prejudice resulting from the reliance. *Town of Florence v. Sea Lands, Ltd.*, 759 So. 2d 1221, 1229 (Miss. 2000) (citing *Suggs v. Town of Caledonia*, 470 So.2d 1055, 1057 (Miss. 1985)).

¶22. Assuming without deciding that PERS inaction is enough to constitute a representation[3] here, Rowzee fails prongs 2 and 3 of the *Suggs* test. There is no evidence that he changed his position in reliance upon an assertion by PERS. Rowzee continues to be a member of PERS. At the time of his inquiry Rowzee believed that he had accumulated 25 years of service credit. Rowzee did not intend to and did not retire upon this belief nor did he take any other action to his detriment. His inquiry was out of curiosity. It is unfortunate for him that the mistake was found and corrected after an inordinate amount of time. However, equitable estoppel simply does not apply on the facts of this case.

¶23. Hundreds of agencies and political subdivisions report contributions for thousands of employees to PERS each month. It would require a substantial investment in resources to check the accuracy of all of the reports it receives, especially those generated prior to the widespread use of modern computer technology. PERS takes the opportunity to review for and correct mistakes whenever a member makes an inquiry or retires. That is what happened here. Rowzee made an inquiry. PERS checked his account and found the error for the 1973-1974 fiscal year. PERS then took the appropriate action under Miss. Code Ann. § 25-11-131 (1972).

## III.

¶24. For the foregoing reasons, we affirm the judgment of the circuit court.

¶25. **AFFIRMED.**

> **PITTMAN, P.J., COBB AND DIAZ, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY PRATHER, C.J., AND SMITH, J. MILLS AND WALLER, JJ., NOT PARTICIPATING**.

> **McRAE, JUSTICE, DISSENTING:**

¶26. The acts of the Board of Trustees of the Public Employment Retirement System ("PERS"), particularly in waiting seventeen (17) years to exclude Dr. Jerry W. Rowzee's ("Rowzee") service, were arbitrary and capricious, as is the majority's decision to now affirm the lower court's judgment and strip Rowzee of credit for the year that he was employed by the University of Mississippi. PERS accepted Rowzee's contributions in a fiduciary capacity and did so with the knowledge that Rowzee relied on this time to be counted towards his retirement. Rowzee was given documentation by PERS at the time of his contribution which led him to believe that his year of service would be calculated into his retirement; therefore, he detrimentally relied on their actions. PERS should be estopped from now changing its position. For PERS to change its position now after 17 years is an embarrassing blemish on this state's retirement system. Accordingly, I dissent.

¶27. Rowzee began employment in a position covered under PERS prior to the time period for which he claims entitlement to coverage for the time he served in a graduate assistant position at the University of Mississippi. Rowzee is currently an active member of PERS through his employment with the Department of Rehabilitation Services and has more than 28 years of creditable service.

¶28. Immediately prior to the academic year in question, 1973-1974, Rowzee was employed as a guidance counselor at Callaway High School. At the time, he had earned his Master's Degree plus an additional thirty-three (33) hours. As an employee of the Jackson Public School System, Rowzee participated in PERS so that he might make accommodations for his future retirement. When seeking employment for the period of his graduate studies, Rowzee chose the position as a graduate assistant from among several other alternatives. He chose the position because he was led to believe that he would be able to continue to contribute to PERS.

¶29. Dr. Harlan testified that Rowzee was classified by the University as a "quarter pay" employee, a position with a salary which was one-quarter of a full salary position. Harlan stated that this was simply a "pay grade" for this position and was not indicative of the actual hours worked by a person in that position. The position Rowzee held as a graduate assistant was a "regular line entry" in the University budget and would not be considered an intermittent or casual type of employment. When asked by PERS Chairman Miller if the use of "quarter time" student workers was "a pretty good deal" for the University since the University got 120 hours worth of time for one pay slot, Harlan responded: "[w]ell, the students were naive, and we used them well."

¶30. During the 1973-1974 fiscal year, Rowzee's service was reported for purposes of retirement and was credited with one (1) year of service credit. During his employment period, the University reported Rowzee to the retirement system as an employee eligible for coverage and transferred the requisite employee and employer contributions to the retirement system. The amount was calculated based on Rowzee's total compensation of $2,250 for the year, paid in eight (8) installments of $281.25. **PERS accepted all contributions**.

¶31. It took some 17 years later, in 1991, for PERS to strip Rowzee of this year of service. In June of 1991, Rowzee called PERS to request an estimate of his benefits through July 1, 1991. Rowzee had believed all along that he had twenty-five (25) years of service credit and would, therefore, be eligible for retirement.[4] PERS reviewed his file and disallowed the 1973-1974 fiscal year based on the reports form from the University of Mississippi which indicated Rowzee worked less than half-time in the position he occupied and received less than half pay for the position.

¶32. In August of 1991, Rowzee inquired as to the disallowance of the service credit for the 1973-1974 fiscal year. He was asked to provide documentation to substantiate his claim of entitlement to the one year's service credit at issue. In response, a letter was sent to PERS from Dr. Harlan stating that Rowzee worked thirty (30) hours per week in the assistantship program. The file was once again reviewed, and it was determined that the position Rowzee held as a graduate assistant was that of student employment and he was therefore not entitled to creditable service. Soon thereafter, the University of Mississippi was credited with the contributions it made for the fiscal year 1973-1974 on behalf of Rowzee.

¶33. Some three months later, Rowzee wrote requesting the PERS executive director review his case. At that time, Miss. Code Ann. § 25-11-120 (1999) had not yet been enacted, thus, the appeal process was somewhat different from the one statutorily in place today. In December of 1991 the case went before the claims committee, which made its recommendation to the full Board of Trustees to deny Rowzee's request.

¶34. Rowzee made his last request for a hearing in February of 1995. In March of 1995 the final administrative decision disallowing creditable service for the period in question was issued. Thereafter, Rowzee prosecuted an appeal to the Circuit Court of the First Judicial District of Hinds County. That court

entered an order affirming the Opinion and Order of the PERS Board of Trustees.

¶35. In a case such as this, the standard of review is whether the Board's decision was (1) unsupported by substantial evidence, (2) arbitrary and capricious, (3) beyond the powers of the Board to make, or (4) violative of a statutory or constitutional right of Rowzee. *Sprouse v. Mississippi Employment Sec. Comm'n*, 639 So.2d 901, 902 (Miss.1994).

¶36. The actions of the University and the testimony of Dr. Harlan show that the University considered Rowzee as an eligible candidate for membership in PERS. In accepting contributions from both Rowzee and the University, PERS apparently agreed. It was not until 1991 that PERS made a unilateral decision to disallow Rowzee's contributions from the 1973-1974 period. This was 17 years after the University deemed Rowzee to be qualified and withheld contributions from each of his paychecks and 17 years after PERS annually recognized the contributions Rowzee made in its annual statements. Such a delay by the PERS board was unwarranted and unjustified and is unacceptable conduct.

¶37. Equitable estoppel should also apply as Rowzee meets the three-part test created in *Suggs v. Town of Caledonia*, 470 So.2d 1055, 1057 (Miss. 1985). First, Rowzee believed and relied on the representation of PERS 17 years ago that he would receive credit for his year at the University. Second, he changed his position as a result of the belief or reliance by choosing to enter school and seeking employment for the period of his graduate studies. He chose the position as a graduate assistant from among several other alternatives because he was led to believe that he would be able to continue to contribute to PERS. Third, he suffered detriment resulting from the reliance in the form of a lost investment as the money that was sent to PERS for retirement could have been earning interest in some other form for the past 17 years. In addition, Rowzee retired due to the belief that his year at the University went to his retirement. This is a textbook case of equitable estoppel.

¶38. While I can relate to the constant struggles posed by heavy workloads, a 17 year delay is not acceptable. When PERS accepts retirement contributions in a fiduciary capacity and then fails to check them out within a reasonable time, an employee may justifiably rely on the fact that the time was attributed to retirement. Accordingly, I dissent.

**PRATHER, C.J., AND SMITH, J., JOIN THIS OPINION.**

1. On Motion of the Appellant to Modify the Date of Entry of the Order, the circuit court modified the entry date of March 9, 1997, to reflect that its Order actually was entered on July 13, 1998.

2. In 1991, Senate Bill 2889 (1991 Miss. Laws ch. 513) was passed authorizing the payment of a retirement allowance if the member had twenty-five (25) years of creditable service regardless of the age of the member.

3. The record includes no explicit representation by PERS. Rowzee received regular reports giving an "estimate" of his credible service. He acknowledged that these reports stated that they were estimates only and could not be relied upon until accurate calculation were made.

4. In 1991, Senate Bill 2889 (1991 Miss. Laws) was passed authorizing the payment of a retirement allowance if the member had twenty-five (25) years of creditable service regardless of the age of the member.