# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
### NO. 1998-CA-01001-COA

**ROBERT DUBARD**                                                                                      **APPELLANT**

**v.**

**BILOXI H.M.A., INC. D/B/A BILOXI REGIONAL MEDICAL CENTER**          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/17/1998 |
| TRIAL JUDGE: | HON. JERRY O. TERRY, SR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROBERT W. SMITH |
| ATTORNEYS FOR APPELLEE: | STEPHEN GILES PERESICH |
| | J. HAL ROSS |
| | KATHARINE MALLEY SAMSON |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| TRIAL COURT DISPOSITION: | THE TRIAL COURT GRANTED SUMMARY JUDGMENT TO DEFENDANT/APPELLEE AND DISMISSED THE SUIT OF PLAINTIFF/APPELLANT WITH PREJUDICE |
| DISPOSITION: | REVERSED AND REMANDED - 07/20/1999 |
| MOTION FOR REHEARING FILED: | 08/03/99; denied 10/19/99 |
| CERTIORARI FILED: | 11/03/99; granted 01/27/2000 |
| MANDATE ISSUED: | |

BEFORE KING, P.J., BRIDGES, AND LEE, JJ.

LEE, J., FOR THE COURT:

¶1. Robert Dubard appeals the trial court's granting of summary judgment to Biloxi Regional Medical Center claiming that there were genuine issues of material fact regarding that: 1) Biloxi Regional breached a contract for employment or, in the alternative, that it wrongfully discharged Dubard, 2) that Dubard is entitled to equitable relief, and 3) punitive damages should have been awarded. Consequently, summary judgment should not have been granted. We agree with the appellant that there are genuine issues of material fact regarding these issues and reverse and remand accordingly.

**STATEMENT OF THE FACTS**

¶2. In March 1996, Robert Dubard (Dubard) met with officials of Biloxi Regional Medical Center to discuss potential employment as a Certified Registered Nurse Anesthetist (CRNA). At that time he and his wife Pat, a nurse practitioner, lived and worked in Grenada. On April 5, 1996, Nancy Fodi, the administrator of Biloxi Regional, sent a letter to Dubard and his wife offering employment. The letter detailed the job positions, benefits, and respective salaries. The applicants orally accepted these offers. On April 8, after receiving the written offer, Dubard executed an applicant's statement. This statement stated that "its receipt does not imply that the applicant will be employed." It also stated that "employment will be conditioned upon a post-offer medical examination performed prior to employment." The applicant's statement further advised the applicant that employment could be terminated with or without cause and with or without notice, at any time, at the option of either the company or the applicant.

¶3. Pat Dubard moved to Biloxi in May 1996 because of the urgency of the hospital's need to staff her position of employment. Dubard stayed in Grenada with the Dubard's children in order to give his employer the required two-three months' notice for his resignation on June 14. During this time Dubard took the necessary steps to effect the move for the family. An itemization of Dubard's moving expenses, lost wages, and incidental costs totaled $63,834.12. He was scheduled to begin work at Biloxi Regional on July 1, 1996.

¶4. On Monday, June 24, Dubard was contacted by the Human Resources Department of Biloxi Regional to schedule an appointment for Tuesday, June 25 for pre-employment processing, including a drug screen and tuberculosis skin test. Dubard agreed to come in on Tuesday but explained that he had just taken a Darvocet to relieve pain from muscle soreness caused from moving. He was told that that could be noted and to bring his prescription for the Darvocet when he came in for his appointment. At that time Dubard told the Human Resources representative that he had no prescription and that the drug was one prescribed to his mother-in-law.

¶5. Dubard went to his appointment on Tuesday and filled out state and federal tax forms and was injected for the skin test but he did not take the blood test for drug screening on that day. Instead, Dubard took the blood test on Wednesday, June 26, the date for which it was rescheduled. He was also scheduled to return on the morning of Friday, June 28 to have his skin test read, to have his pre-employment physical exam, and to report to Human Resources. Dubard failed to appear at the hospital for his appointment as scheduled on Friday but he did stop by the hospital on that day to pick up tickets for a casino show on his way to a loan closing at his attorney's office.

¶6. Dubard stated that a CRNA from the hospital called him around noon on his mobile phone to tell him that he had missed his appointment. Dubard claims he had forgotten about the appointment until reminded by the call. He said he went to the hospital Friday afternoon around 3:00 to have his skin test read but that because the hospital routine provided for such readings only during the morning hours he was not able to have the test read.

¶7. On Monday, July 1 Dubard reported to Biloxi Regional at 6:00 a.m. and had a physical, however his skin test could no longer be read. Though the skin test takes only seconds to read, the actual procedure from the time of the injection until the time that the results can be read is one that requires several days. When Dubard reported to work at 6:30 that morning he was advised that the offer of employment had been withdrawn because he had not shown the trust and dependability upon which the anesthesiology

department was built since he had failed to complete the pre-employment processing requirements in a timely fashion as he had been instructed. At the suggestion of the hospital administrator, he was reinjected for the skin test later that day, should Dr. Harris, the head of the anesthesiology department, change his mind regarding Dubard's employment.

## CONCLUSIONS OF LAW

¶8. Miss. R. Civ. P. 56 (c) states that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." When a party opposing summary judgment on a claim as to which that party will bear the burden of proof at trial, fails to make a showing sufficient to establish an essential element of that claim, then all other facts are immaterial and the moving party is entitled to judgment as a matter of law. *Crane v. Cleveland Lodge 1532*, 641 So. 2d 1186, 1188 (Miss. 1994).

## ISSUES OF LAW

## I. WAS THE EVIDENCE SUFFICIENT TO SHOW, AS A MATTER OF LAW, THAT BILOXI REGIONAL DID NOT BREACH A CONTRACT OF EMPLOYMENT OR, IN THE ALTERNATIVE, THAT IT DID NOT WRONGFULLY DISCHARGE DUBARD?

¶9. It is undisputed that there was no written contract of employment. In fact, the applicant's statement that Dubard signed after receiving the written offer for employment from Biloxi Regional specifically stated that there was no guarantee of employment. Assuming that an oral contract for employment between Dubard and Biloxi Regional existed, such a contract was conditioned upon the completion of "a post offer medical examination performed prior to employment," as stated in the applicant's statement which Dubard signed. A condition precedent must be performed before an agreement of the parties becomes a binding contract. *Turnbough v. Steere Broadcasting Corp.,* 681 So. 2d 1325, 1327 (Miss. 1986). Dubard does not dispute that he failed to complete these requirements. He argues, however, that he substantially completed all of the requirements except for having the PPD skin test read, which he describes as a "30 second procedure." Dubard also argues that the hospital had waived the requirement for a pre-employment physical for other employees, including his wife, indicating bad faith on the part of the hospital in not allowing him a waiver of this condition precedent for employment as well. We find that there are genuine issues of material fact regarding the circumstances upon which Biloxi Regional had waived this condition precedent for other employees. Though there is an indication that Pat Dubard's physical was waived because of the urgency of the hospital to fill her position of employment, inferences must be drawn as to the conditions and matters of consideration under which the waiver was granted. There is no evidence regarding whether Biloxi Regional scheduled a physical for Pat Dubard and whether she failed to appear for such an appointment, if it was made. Whether Pat Dubard's waiver occurred after a failure to appear for a scheduled appointment is an unanswered question of material fact. Other unanswered questions include the nature of her work as emergency manager and that of others as compared to Dubard's in regard to patient contact as a material fact that has not been addressed in regard to the hospital's willingness to waive the physical for some and not for Dubard.

¶10. Assuming, in the alternative, that Dubard was employed at Biloxi Regional, he was at best an "at will" employee. Dubard himself testified that any prospective employment was for an indefinite period of time and the offer extended by Biloxi Regional did not define a specific term of employment. In this State, where

there is a contract which does not specify the term of the worker's employment, the relationship may be terminated at will by either party. *Perry v. Sears Roebuck and Co.,* 508 So. 2d 1086, 1088 (Miss. 1987). Dubard seems to argue that the existence of an employee handbook at Biloxi Regional removed him from the employment at will doctrine. The fact that Biloxi Regional issued an employee handbook did not create for Dubard a right for employment for any definite length of time. *Bobbitt v. The Orchard Ltd.,* 603 So. 2d 356, 361 (Miss. 1992). In addition, an employer may preserve the employment "at will" relationship thereby retaining its right to discharge an employee at will regardless of the content of any employee handbook if it does so by including an express, unambiguous and unequivocal disclaimer advising that the handbook, regardless of its content, does not alter the employer's right to terminate "at will". *Bobbitt*, 603 So. 2d at 362; *see also Hartle v. Packard Electric,* 626 So. 2d 106, 109 (Miss. 1993) (handbook specifically stating that an employee can be terminated "at will" preserves the employment at will status); *Cooper v. Drexel Chemical Co.*, 949 F. Supp. 1275, 1281 (N.D. Miss. 1996) (affirmed the validity of a disclaimer preserving the "at will" nature of an employment relationship and granting the employer summary judgment on breach of contract or wrongful discharge claim). The Biloxi Regional Employee Handbook expressly states:

> It is the policy of this hospital that all employees who do not have a separate, individual employment contract with the Hospital for a specific, fixed term of employment are employed on an "at will" basis for an indefinite period. Employees may resign from the Hospital at any time, for any reason, and with or without notice.

Accordingly, any reason given by the hospital's administration for the rescission of any offer of employment made to Dubard is immaterial since, at best, he was an employee at will. However, the fact that he was an employee at will does not relieve the hospital of responsibility if Dubard is entitled to equitable relief. Biloxi Regional should thus not be entitled to summary judgment.

## II. WAS THE EVIDENCE SUFFICIENT TO SHOW, AS A MATTER OF LAW, THAT DUBARD WAS NOT ENTITLED TO EQUITABLE RELIEF?

¶11. Under Mississippi law, a party asserting equitable estoppel must show "(1) belief and reliance on some representation; (2) change of position as a result thereof; (3) detriment or prejudice caused by the change of position." *Covington County v. Page,* 456 So. 2d 739, 741 (Miss. 1984) (citing *PMZ Oil Co. v. Lucroy*, 449 So. 2d 201, 206 (Miss. 1984)). If Dubard is able to establish reliance, then estoppel is available to him.

¶12. If there is a question of fact that Dubard was not aware that completion of his pre-employment processing was a prerequisite for his employment, then he could be entitled to equitable relief. Though there is no evidence to show that Biloxi Regional ever represented to him that he would be employed without completing this screening, there could be evidence to show that Dubard was under the impression that the physical could be waived prior to employment and performed on the first day of his employment as it was for his wife Pat. There is no evidence of any specific representation made by Biloxi Regional to Dubard that he would not be employed or that he would be discharged if he didn't complete the physical prior to employment. The evidence shows only that Biloxi Regional represented to Dubard that the physical was a condition precedent to his employment.

¶13. If there were circumstances leading Dubard to believe that the pre-employment screening could be waived for him as it was for his wife, then Dubard could be entitled to equitable relief.

## III. DID THE COURT ERR IN DISMISSING DUBARD'S CLAIM FOR PUNITIVE DAMAGES?

¶14. It is not necessary to address the issue of punitive damages in light of the other issues that must be addressed by the trial court on remand.

## CONCLUSION

¶15. There are genuine issues of material fact regarding the circumstances under which Biloxi Regional had waived the physical examination as a condition precedent to employment for other employees and whether it acted in bad faith in not waiving the condition precedent for Dubard. In such a case, Biloxi Regional would be found to have breached an oral contract for employment. In the alternative, if Dubard was considered an employee, at best he was an employee at will and Biloxi Regional had the right to terminate his employment at will. However, Dubard could be entitled to equitable relief. We therefore reverse and remand for a determination of the issues of fact presented consistent with this opinion.

¶16. **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS REVERSED AND REMANDED FOR PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. ALL COSTS ARE ASSESSED AGAINST THE APPELLEE.**

**KING, P.J., AND BRIDGES, J., CONCUR. IRVING, J., CONCURS IN RESULT ONLY. SOUTHWICK, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY McMILLIN, C.J. DIAZ, MOORE, PAYNE, AND THOMAS, JJ., NOT PARTICIPATING.**

SOUTHWICK, P.J., DISSENTING:

¶17. This is a significant case of first impression. It raises an issue previously faced in a considerable number of other jurisdictions, with varying results. The reason for the different outcomes is that these cases create a clash between what in a particular circumstance may appear to be equitable, but what in the broader context is completely inconsistent with the doctrine of employment at will. Finding that employment at will is the governing principle, I dissent.

¶18. The majority first finds an issue of material fact regarding whether the physical examination that Dubard did not timely complete, was often waived for other employees. I find that to be an immaterial fact. This is a suit regarding whether the abandonment of an employment agreement prior to commencement of work creates a cause of action for either party. It seems immaterial to me what were the reasons that the offer was withdrawn and whether those reasons were inconsistent with the employment of others. There either is or is not a cause of action to recover expenses or other damages for failure to fulfill an understanding regarding an offer and acceptance of employment.

¶19. I also find error in the majority's holding that if Dubard can show the existence of facts to support equitable estoppel, he can recover. This is the significant issue of first impression. Many employment at will

states have faced questions of whether a person to whom an offer of employment has been made, who then incurs various expenses in preparing to take advantage of that offer, can recover any form of damages. The point of reference is often the basic elements of promissory estoppel as set forth in the Restatement of Contracts:

> (1) A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.

*Restatement (Second) of Contracts* § 90 (1981). The comment to the provision elaborates as follows:

> The promisor is affected only by reliance which he does or should foresee, and enforcement must be necessary to avoid injustice. Satisfaction of the latter requirement may depend on the reasonableness of the promisee's reliance, on its definite and substantial character in relation to the remedy sought, on the formality with which the promise is made, on the extent to which the evidentiary, cautionary, deterrent and channeling functions of form are met by the commercial setting or otherwise, and on the extent to which such other policies as the enforcement of bargains and the prevention of unjust enrichment are relevant.

*Id.* (emphasis added).

¶20. Employment at will is in part justified because of the equality of rights and responsibilities under the doctrine for employers and employees. The employer does not have to retain, nor does the employee have to remain any longer than desired absent a written contract with contrary obligations. Does the majority's new rule mean that if it was Dubard who changed his mind and decided to take a different job, that the medical center could sue him for costs it incurred in preparing for his arrival, or for operations that were canceled because he was not present on the agreed starting date, or for any other expenses resulting from his failure to appear when they had never gotten an enforceable agreement from him requiring his appearance? Regardless of individual responses to the validity of such an equality of remedies, this possibility shows the significance of the issue that we face.

¶21. I find that employment at will, for whatever flaws a specific application may cause, is not only the law of Mississippi but it provides the best balance of the competing interests in the normal employment situation. It has often been said about democracy, that it does not provide a perfect system of government, but just a better one than everything else that has ever been suggested. An equivalent view might be seen as the justification for employment at will.

¶22. A recent review of the conflicting views from other states on this precise question was undertaken by a Florida intermediate court. *Leonardi v. City of Hollywood*, 715 So.2d 1007, 1008-1010 (Fla. App. 1998). After the summary was given, the court concluded this:

> Despite this [inconsistent] case law, we need not look any further than § 90 of the Restatement (Second) of Contracts to conclude that Leonardi's reliance on City's offer was unreasonable. Had City allowed Leonardi to begin working, it could have terminated his employment immediately thereafter, before he accrued any wages. Similarly, had he not quit his prior position, his employer also could have terminated him at will. In either scenario, we do not believe the doctrine of promissory estoppel would allow him to recover his lost wages.

*Id.* at 1010.

¶23. I also find instructive a view expressed by an intermediate Texas appellate court. The same profound issue that was proposed by the appellant there is being requested here:

> As an intermediate court, we are duty bound to follow the authoritative pronouncements of the supreme court of this state, deferring to that court for common law changes in the application of the doctrine of employment at will. See *Winograd v. Willis,* 789 S.W.2d 307, 312 (Tex.App.-- Houston [14th Dist.] 1990, writ denied); *Hicks v. Baylor University Medical Ctr*, 789 S.W.2d 299, 304 (Tex.App.--Dallas 1990, writ denied). We therefore cannot create a cause of action for promissory estoppel when the underlying evidence consists of purely oral representations as to employment for an indefinite period.

*Robert K. Patterson, P.C. v. Leal,* 942 S.W.2d 692, 695 (Tex. App. 1997).

¶24. The *Leal* court concluded that they "cannot create a cause of action" for promissory estoppel. I would amend that only to say that we *should* not. I would affirm.

**McMILLIN, C.J., JOINS THIS SEPARATE OPINION.**