ISHEE, J.,
 

 for the Court:
 

 ¶ 1. Esther Roberts filed an application for disability benefits with the Public Employees’ Retirement System (PERS). Roberts appealed to the Disability Appeals Committee of the Board of Trustees (Committee), which recommended to the PERS Board of Trustees (Board) that the benefits be denied because Roberts was not permanently disabled. The Board agreed with the recommendation. Roberts then appealed to the Hinds County Circuit Court, which affirmed the decision of the Board. Aggrieved, Roberts appeals and asserts that: (1) the circuit court erred in finding that PERS’s decision to deny her benefits was supported by substantial evidence, and (2) the circuit court erred in affirming PERS’s decision because it violates her statutory right.
 

 ¶ 2. Finding no reversible error, we affirm the judgment of the circuit court.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 3. Roberts was employed as a special-services bookkeeper for the Forrest County Schools. Her employment was terminated on February 2, 2007. At the time she was terminated, Roberts had approximately six and a quarter years of service credit. On March 21, 2007, Roberts filed an application for non-duty related disability benefits. A PERS disability-benefit analyst requested that Dr. David Collipp, a former member of the PERS Medical Board and an expert in the field of physical and rehabilitation medicine, perform an independent medical examination of Roberts.
 

 ¶ 4. Dr. Collipp examined Roberts on October 11, 2007. In Dr. Collipp’s opinion, Roberts suffered from two neck surgeries, degenerative joint and disc disease, carpal tunnel syndrome, depression, headaches, and chronic pain. He concluded that even with these problems, Roberts was able to perform light-duty work, with a restriction of twenty pounds for lifting.
 

 ¶ 5. Thereafter, on March 7, 2008, the Committee denied Roberts’s request for disability benefits, finding that “Roberts [was] not disabled as that term is defined and held applicable herein, in order to qualify for disability benefits as provided under Mississippi Code of 1972, as amended, [s]ections 25-11-113 and 25-11-114, as applicablef.]” The Committee “recommend[ed] that the claimant’s request for [n]on-duty related disability benefits be
 
 *415
 
 denied.” Roberts then appealed to the Board. Agreeing with the Committee’s decision, on April 15, 2008, the Board issued an order approving and adopting the Committee’s findings of fact and conclusions of law.
 

 STANDARD OF REVIEW
 

 ¶ 6. The standard of review for an appeal involving a PERS appeal is whether the Board’s decision was (1) unsupported by substantial evidence, (2) arbitrary and capricious, (3) beyond the powers of the Board to make, or (4) violative of a statutory or constitutional right of the claimant.
 
 Rowzee v. Pub. Employees’ Retirement Sys., 777
 
 So.2d 664, 666-67 (¶ 12) (Miss.2000). We will not substitute our own judgment for that of the agency which rendered the decision, nor may we reweigh the facts of the case.
 
 Miss. Pub. Serv. Comm’n v. Merchs. Truck Line, Inc.,
 
 598 So.2d 778, 782 (Miss.1992).
 

 DISCUSSION
 

 ¶ 7. Roberts first asserts that the circuit court erred in affirming PERS’s decision, contending that the decision is not supported by substantial evidence and is arbitrary and capricious. Roberts argues that the order was based solely on the testimony of Dr. Collipp, who only saw her once. Dr. Collipp testified that Roberts “is physically capable to perform a minimum of light duty per DOT, with a maximum life of 20 pounds.”
 

 ¶ 8. Substantial evidence is “evidence which affords a substantial basis of fact from which the fact in issue can be reasonably inferred.”
 
 Johnston v. Pub. Employees’ Retirement Sys.,
 
 827 So.2d 1, 3 (¶ 7) (Miss.Ct.App.2002). Substantial evidence requires that there be “more than a mere suspicion.”
 
 Pub. Employees’ Retirement Sys. v. Henderson,
 
 867 So.2d 262, 264 (¶ 6) (Miss.Ct.App.2003). After examining the record, we find that substantial evidence exists to support PERS’s decision.
 

 ¶ 9. Roberts claims that her treating physicians, Dr. Y. Susi Folse; Dr. Michael Patterson; and Dr. Nabih Alsheikh, are all on record with opinions claiming that she cannot return to her job; therefore, the decision by PERS is not supported by substantial evidence. Although these physicians treated Roberts, PERS has the discretion to determine which of the physicians’ assessments to consider and how much weight should be given to each assessment.
 
 Byrd v. Pub. Employees’ Retirement Sys.,
 
 774 So.2d 434, 438 (¶ 15) (Miss.2000).
 

 ¶ 10. Roberts also claims that PERS’s decision to deny her application for disability benefits is a violation of her statutory right under Mississippi Code Annotated section 25 — 11—113(l)(a) (Supp. 2009), which contains the definition of disability that shall be applied by the Medical Board for the purposes of disability determination. Roberts contends that because she met the statutory definition of disability, PERS failed to comply with the statute when it denied her disability benefits. In support of her contention, Roberts offered the lay opinion of Jennea Escudera, her supervisor. Escudera stated that Roberts could not continue to perform her job duties. Roberts also offered the medical opinions of her treating physicians. The opinions of Roberts’s treating physicians were presented to the Committee, and the Committee determined what evidence it would consider and how much weight the evidence should be given. We find that this evidence does not prove that Roberts met the statutory criteria. Therefore, Roberts was not denied any statutory right under Mississippi Code Annotated section 25-11-113.
 

 
 *416
 
 ¶ 11. For the foregoing reasons, we affirm the judgment of the circuit court.
 

 ¶ 12. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ROBERTS AND MAXWELL, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.