SOUTHWICK, P.J., for the Court:
¶ 1. Josie Flowers worked as a counselor aide at Oakley Training School. Her nighttime responsibilities included maintaining a periodic count of residents in one of the school’s cottages. Flowers was found to have failed properly to conduct this count, allowing the escape of one inmate to go unnoticed until he was caught several miles away trying to steal a car. Flowers was terminated, a decision that she has appealed through intermediate tribunals to this Court. We affirm.
FACTS
¶ 2. The Oakley Training School is a facility for juvenile offenders located in Utica, Mississippi. The juvenile residents are referred to as “cadets.” On April 12, 1996, sometime after 9:30 p.m., a cadet escaped from one of the residential facilities and was caught over two miles away when a woman called to report that a cadet was attempting to steal her car.
¶ 3. At the time that the cadet escaped through a cottage window, Josie B. Flowers, a counselor aide, was on duty in the cottage and was responsible for conducting half-hourly head counts of the cadets. There is testimony that Flowers had either counted incorrectly or simply recorded her count incorrectly several times since the beginning of her shift at 4 p.m. She admitted that she delegated the 11 p.m. and 11:30 p.m. counts to a security officer, and that an incorrect count was recorded. As a result of the error, the escape went unnoticed until he was several miles away.
¶ 4. Flowers worked for about two months after the incident and then was .terminated on June 19, 1996. She was said to have violated Standard Operating Procedure Number 8, which requires that all counselor aides conduct head counts at the beginning of a shift and every half-hour throughout their shifts. Because this was a “Group III” offense, involving a “violation of safety rules where there exists a threat to life or human safety,” termination was an option under the State Personnel Board Rules. Mississippi State PERSONNEL BOARD POLICY AND PROCEDURES Manual 9.3. (Rev.1999).
¶ 5. Flowers appealed to the state Employee Appeals Board (EAB). Several witnesses testified before a hearing officer, including Flowers’s supervisor, a security aide and a security officer who both were on duty the night of the escape, the security chief at Oakley, and Flowers. The hearing officer upheld the termination, finding that the department was not arbitrary nor capricious, nor was Flowers the victim of any discrimination. Subsequent appeals to the full EAB, sitting en banc, and to Hinds County Circuit Court, have resulted in affirmances. Flowers now appeals here.
DISCUSSION
¶ 6. Flowers presents only two issues: (1) the decision to fire her was arbitrary, capricious and lacked evidentiary support; and (2) the discipline was disproportionate to the offense.
¶ 7. We may not engage in a reconsideration of the appropriate penalty. If we determine that the decision is supported by substantial evidence, is neither arbitrary nor capricious, is not in violation of some statutory or constitutional right of the employee, and was not beyond the power of the administrative agency to *495 make, we are to affirm. Miss. State Tax Comm’n v. Vicksburg Terminal, Inc., 592 So.2d 959, 961 (Miss.1991).

I. Arbitrary, Capricious, Without Evi-dentiary Support

¶ 8. The supreme court has stated that the terms “arbitrary” and “capricious” are “open-textured and not susceptible of precise definition or mechanical application.” Miss. State Dept. of Health v. Southwest Miss. Reg'l Med. Ctr., 580 So.2d 1238, 1240 (Miss.1991). The court quoted with approval a definition from another state that an arbitrary act is one that is done without adequately determining principle, not according to reason or judgment, depending on the will alone. Id., (quoting In re Housing Authority of City of Salisbury, 235 N.C. 463, 70 S.E.2d 500, 503 (1952)). The North Carolina court also said that an act is capricious when it is “done without reason, in a whimsical manner, implying either a lack of understanding of or a disregard for the surrounding facts and settled controlling principles.” Id.
¶ 9. It cannot be said the decision of the EAB was arbitrary or capricious within this meaning. The record shows substantial evidence that Flowers’s head counts on the night of the cadet’s escape were inaccurate, and that she delegated her duty to conduct the head counts to a security officer. Although Flowers maintains that she was obligated to stay with a cadet who was on suicide watch, preventing her from conducting the head counts personally, the evidence presented to the hearing officer was that there was no cadet on the level of suicide watch that night that would have prevented her from conducting her required head counts. There was substantial evidence that Flowers’s omission allowed the escape of the cadet to go unnoticed and unreported long enough for him to get two and a half miles away from the school and to threaten the property and perhaps, potentially, the physical safety of a local resident.
¶ 10. The evidence also showed that Flowers’s offense was a Group III offense under State Personnel Board rules because her dereliction of duty was a “violation of safety rules where there exists a threat to life or human safety.” This type of offense is punishable by termination of employment. Mississippi State Personnel Board Policy AND Prooedures Manual 9.3. (Rev.1999). Therefore, the decision was made based on substantial evidence and established principles.
¶ 11. Moreover, the decision to terminate Flowers was within the power of the administrative agency to make. The Mississippi Department of Human Services, as Flowers’s employer, had the discretion to terminate her under the rules specified by the State Personnel Board for violating a rule that placed human health or safety at risk. The EAB had the right to review and rule upon that decision, and judicial review of the decisions of the hearing officer and board is authorized. Miss.Code Ann. §§ 25-9-131 & 25-9-132 (Rev.1999).
¶ 12. Flowers was afforded due process in that she was given pre-termi-nation written notice, with the opportunity to attend a pre-termination conference and to bring with her any witnesses she felt would be helpful. She took advantage of the full range of administrative and judicial remedies at her disposal, thus this appeal. We find that the decision of the Employee Appeals Board was not arbitrary or capricious, that it was justified by the evidence and that it violated no due process rights.

II. Discipline Disproportionate to the Magnitude of the Offense

¶ 13. Flowers’s complaint that the discipline imposed on her was disproportionate to the magnitude of the offense is raised for the first time on appeal before this Court. The supreme court will not consider matters raised for the first time on appeal. Triplett v. City of Vicksburg, 758 So.2d 399 (¶ 9) (Miss.2000). That is to avoid finding that a trial judge erred when *496 the matter was not presented to that court for decision. Boatner v. State, 754 So.2d 1184, 1190 (Miss.2000). The State correctly points out that Flowers submitted no appellant’s brief to the circuit court raising issues not raised at the EAB.
¶ 14. However, even if the issue of disproportionately harsh punishment was found to be within the general parameters of the argument of arbitrariness, we find that termination of employment is proper for a Group III offense. As already mentioned, these are violations of safety rules where there exists a threat to life or human safety. Mississippi PeRsonnel Boabd Manual 9.3. Flowers’s admitted failure to conduct a head count at 11 p.m. and 11:30 p.m. resulted in what the EAB could conclude was a threat to life or human safety.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY AFFIRMING THE DECISION OF THE EMPLOYEE APPEALS BOARD, WHICH AFFIRMED THE DECISION OF THE MISSISSIPPI DEPARTMENT OF HUMAN SERVICES TO TERMINATE THE APPELLANT’S EMPLOYMENT, IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, IRVING, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ„ CONCUR.