801 So.2d 794 (2001)
MISSISSIPPI STATE DEPARTMENT OF HEALTH, Appellant
v.
Anne B. HOGUE and The Mississippi Employee Appeals Board, Appellees.
No. 2000-CC-00963-COA.
Court of Appeals of Mississippi.
December 11, 2001.
Romaine Levean Richards, Jackson, Attorney for Appellant.
Darold L. Rutland, Attorney for Appellees.
*795 Before McMILLIN, C.J., THOMAS, and CHANDLER, JJ.
McMILLIN, C.J., for the Court:
¶ 1. Anne Hogue, an employee of the Mississippi State Department of Health, was suspended for fifteen days without pay as a disciplinary action after it was determined that Hogue had carried a handgun while on an inspection visit conducted as part of her job. Carrying a firearm while on official duty was a violation of published department policy. Hogue appealed her suspension to the Employee Appeals Board. The hearing officer revoked the suspension and ordered that any reference to the incident be removed from Hogue's personnel file. The full Appeals Board subsequently affirmed the action of the hearing officer. The Department sought and was granted a writ of certiorari to permit judicial review of that decision by the Circuit Court of Hinds County. That court affirmed the action of the Appeals Board and, in addition, assessed the Department with attorney's fees. The Department then perfected its appeal to this Court. For reasons we will proceed to set out, we find it necessary to reverse and remand the matter to the Appeals Board for further proceedings consistent with the terms of this opinion.

I.

Background
¶ 2. As required by Mississippi State Personnel Board's Policies and Procedures Manual (hereafter "the Manual"), Hogue was notified in writing that her employing agency was contemplating a disciplinary action against her. The letter set out the factual basis for the action, which was the firearm incident. The notice informed Hogue of her right to an informal hearing in advance of the final decision on the proposed discipline, the hearing to be conducted by the State Health Officer. Through an attorney, Hogue requested such a hearing and made certain demands in the nature of discovery requests for information relating to the evidentiary basis for the proposed disciplinary action. Hogue's attorney also demanded that certain named individuals be present at the hearing, apparently as potential witnesses.
¶ 3. In response, the Department furnished several statements concerning Hogue's actions that were gathered during the Department's investigation of the incident, but the Department declined to honor her demand to produce the named individuals at the hearing. Hogue was further notified that the hearing would be informal in nature and that, if she was represented by counsel, the attorney could be present but would not be permitted to take part in the proceedings.
¶ 4. After the hearing conducted by the State Health Officer, Hogue received written notification that, in view of the fact that she had presented no credible evidence to rebut the allegations regarding her unauthorized possession of a handgun while going about her official duties, she was to be suspended without pay for a period of fifteen days. The notice further informed Hogue of her right to appeal that decision within fifteen days to the Employee Appeals Board.
¶ 5. Hogue immediately perfected such an appeal. The Appeals Board named a hearing officer to conduct the required de novo hearing on the appeal. Essentially all of the evidence developed at the hearing dealt with the question of whether or not Hogue did, in fact, carry a handgun on her person while performing her official duties as an employee of the Department of Health. Despite the fact that this was the only significantly disputed issue at the hearing, the hearing officer issued a ruling that completely ignored that aspect of the *796 matter. Instead, the officer concluded that the Department of Health had not followed the grievance procedures outlined in the Manual because of (a) the failure of the Department to allow Hogue's attorney to actively participate in the inquiry, and (b) the refusal of the Department to produce the witnesses requested by Hogue's counsel. Finding that "the manner in which this allegation originated and the manner it was investigated and subsequently handled caused this Court [sic] a great deal of concern," the hearing officer concluded that Hogue's "due process rights were denied by the Mississippi State Department of Health." As a remedy for this perceived denial of clue process, the hearing officer ordered that the suspension be voided, that Hogue receive all back pay and benefits lost from the suspension, and that "her personnel record be purged of all documentation pertaining to this allegation or any way related thereto."
¶ 6. The full Appeals Board, considering the matter found itself "in complete agreement with the Order" of the hearing officer and affirmed. The circuit court granted the Department's request for judicial review by way of a writ of certiorari, but then affirmed the Appeals Board decision.

II.

Discussion
¶ 7. The Appeals Board's ruling is, in the view of this Court, based upon a fundamental misinterpretation of the provisions of the regulations for discipline of employees of the various State agencies which operate under the provisions of the Statewide Personnel System. The system of personnel administration giving rise to the proceeding was established by legislation appearing in Chapter 9 of Title 25 of the Mississippi Code. Miss.Code Ann. § 25-9-101 (Rev.1999). In furtherance of authority contained in that legislation, the State Personnel Board issued an employee manual governing such matters entitled the Mississippi State Personnel Board Policy and Procedures Manual. The misreading appears to arise out of the fact that the hearing officer confused two separate provisions of the Manual and, as a result, applied the more formal procedural rules for a fourth stage grievance proceeding to the initial informal pre-disciplinary conference required for an employee who is under consideration for possible disciplinary action. This was clearly erroneous.
¶ 8. The grievance procedures set up for affected state employees are contained in Section 10 of the Manual. Section 10 has broader application than matters relating strictly to employee discipline. In fact, under a listing of "grievable issues" the Manual lists eight different areas. Miss. State Pers. Bd. Policy and Proc. Manual § 10. They include complaints of discrimination, general dissatisfaction with management, unsatisfactory performance appraisals, arbitrary employee relocations, or adverse actions taken as retaliation for engaging in "whistle-blower" activities. Id. Section 10, in defining the procedure for handling formal employee grievances, sets up a four-step process that ultimately concludes with a Step IV hearing before the agency head at which the employee "may have representation and appropriate witnesses present." Miss. State Pers. Bd. Policy and Proc. Manual § 10; Flowers v. Mississippi Dep't. of Human Servs., 764 So.2d 493, 494 (¶ 5) (Miss Ct.App.2000).
¶ 9. On the other hand, Section 9, which relates solely to disciplinary proceedings, requires that, in advance of the proposed disciplinary action, the employee must receive "written notice of the reason(s) for such action and shall be given an opportunity for a conference with the appointing authority or designated representative and to respond in writing." Miss. State Pers. *797 Bd. Policy and Proc. Manual § 9.20.6.A. It is only upon the completion of this largely informal process that the grievance procedures outlined in Section 10 would have any applicability. That this initial conference or hearing under Section 9 is different from the various grievance hearings found in Section 10 can best be seen from a passage in Section 9.20 providing that "[w]hen a conference has been held prior to an action adversely affecting compensation or employment status, the affected employee may appeal directly to the Employee Appeals Board without exhausting the grievance procedure." Miss. State Pers. Bd. Policy and Proc. Manual § 9.20; Moody v. Dep't of Pub. Safety/Highway Patrol, 729 So.2d 1249, 1252(¶ 9-10) (Miss. 1999).
¶ 10. That is what happened in this case. Upon being notified, at the conclusion of her Section 9 mandated conference with the State Health Officer, that she would be suspended, Hogue immediately filed an appeal to the Employee Appeals Board, rather than pursuing the four-step grievance procedure offered to her as an alternative remedy under the provisions of Section 10 of the Manual.
¶ 11. There is no provision in the Manual, nor is there any authority cited in Hogue's brief, to require that the pre-disciplinary hearing contemplated in Section 9 be in the nature of a full-blown formal adversarial proceeding. There does not appear, in fact, to be any authority given to the responsible official conducting such a conference to compel the appearance of witnesses requested by the employee even were that official inclined to do so.
¶ 12. Hogue's due process rights in this procedure were not protected by the guarantee of a full-scale evidentiary proceeding prior to any disciplinary action. Rather, her right to due process, upon becoming dissatisfied with the disciplinary proceedings conducted by her employing agency, was to appeal the unfavorable decision to the Employee Appeals Board. It is there that Hogue was guaranteed a de novo proceeding, at which she would be "afforded all applicable safeguards of procedural due process" that specifically included the right to representation by counsel, the right to compel the presence of witnesses, and the right to have those witnesses' testimony taken under oath. Miss.Code Ann. § 25-9-131 (Rev.1999). Hogue was, beyond dispute, afforded such a due process hearing. It is the fact that she received this due process hearing, at which the inquiry is to focus on whether "the reasons stated in the notice of ... action adversely affecting [her] compensation or employment status are not true or are not sufficient grounds for the action taken," that renders inappropriate any inquiry as to whether any earlier aspects of the disciplinary proceeding were or were not properly conducted. Miss.Code Ann. § 25-9-131 (Rev.1999).
¶ 13. The statute establishing the Employee Appeals Board directs the Board's initial inquiry into the existence of a basis to discipline, i.e., the truth of the factual allegations warranting the imposition of sanctions. Once that inquiry has been made under conditions that afford the employee ample opportunity to refute the truth of those charges, any previous proceedings at which similar factual determinations were made under conditions deemed unfair to the employee become moot.
¶ 14. Thus, even were we to agree with the Appeals Board that Hogue was denied fundamental due process in the manner she was disciplined by the Department of Health, it would not warrant the relief afforded by the Board. However, we are of the opinion that the Appeals Board was in error in finding a due process violation *798 by the Department. This error was based on the Appeals Board's evident confusion between the proper method for conducting a Phase IV grievance proceeding and the proper method for conducting a Section 9 pre-disciplinary conference. Because Hogue elected to forego the formal grievance procedures of Section 10 of the Manual after she received notice of her discipline and, instead, to pursue an immediate appeal of the matter to the Employee Appeals Board as permitted by Section 9.20, the provisions for a Phase IV proceeding quoted in the Appeals Board hearing officer's order never came into play. Miss. State Pers. Bd. Policy and Proc. Manual § 9.20.
¶ 15. As we have noted earlier, the proper focus of the proceeding before the Appeals Board was twofold. First, it required an inquiry into the truth of the factual allegations forming the basis for discipline. Plainly stated, that question was whether or not Hogue did, in fact, carry a handgun on her person while going about her official duties as an employee of the Department of Health. Secondly, the statute contemplates an inquiry into whether the alleged offense, even if true, was of sufficient gravity to warrant the imposition of the discipline imposed. Miss. Code Ann. § 25-9-127(1) (Rev.1999). The decision of the hearing officer did not deal with either of these concerns.
¶ 16. Because of the Appeals Board's improper focus on the perceived deficiencies in the methods by which the Department proceeded, rather than on the pertinent issue of fact upon which the propriety of Hogue's discipline turned, we find it appropriate to remand this proceeding to the Employee Appeals Board for further proceedings. The goal of that proceeding is for the Board to arrive at an informed decision, after an appropriate factual inquiry in a manner designed to preserve Hogue's due process rights, as to the truth of the allegations relating to Hogue's improper possession of a firearm while on duty. Whether, in determining the answer to that question, the Board determines it necessary to reopen the proceeding for further evidence or whether it concludes there is sufficient evidence in the present record to make that determination is a matter we entrust to the sound discretion of the Board.
¶ 17. Though we remand directly to the Appeals Board, procedurally we do so by reversing the judgment of the circuit court. In doing so, we necessarily reverse the circuit court judgment in its entirety, including specifically the circuit court's decision to award Hogue attorney's fees for defending the Board's appeal.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY, INCLUDING THE AWARD OF REASONABLE ATTORNEY'S FEES TO THE APPELLEE, IS REVERSED AND THIS CAUSE IS REMANDED TO THE EMPLOYEE APPEALS BOARD FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLEE, ANNE B. HOGUE.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.