IRVING, J.,
for the Court.
¶ 1. Margaret Moeller was terminated from her employment with the Mississippi Department of Human Services (MDHS) for a Group III, Number 11 offense. Aggrieved, she appealed the decision to the Mississippi Employee Appeals Board, which assigned an administrative law judge to hear Moeller’s case. The judge upheld Moeller’s termination. Moeller then appealed to the full board, who again affirmed Moeller’s termination. Thereafter, Moeller appealed that decision to the Circuit Court of Hinds County, which affirmed the decision of the board. Moeller now appeals to this Court, asserting that her termination was in error. We agree.
FACTS
¶ 2. Moeller began working for MDHS in November 1992. Her specific position within the department changed several times during her tenure. In 1999, Moeller was assigned to work in the office of a county director.[1] Moeller indicated that *957 she was lifting a typewriter in December 1999 when she injured her left rotator cuff, her right rotator cuff, and possibly her spine. Moeller was scheduled to have surgery for these injuries on April 19, 2000. Moeller took off from work on that date for her surgery, and she never returned to work. She was compensated by worker’s compensation for total temporary disability from April 19, 2000, until her termination by MDHS on March 6, 2002.[2]
¶ 3. Additional facts, if necessary, will be related during our analysis and discussion.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 4. We do not review the decision of the lower courts de novo; “rather, this Court (and any reviewing court) determines whether ‘the Board’s decision was (1) unsupported by substantial evidence, (2) arbitrary and capricious, (3) beyond the powers of the Board to make, or (4) viola-tive of a statutory or constitutional right of [the complaining party].’ ” Hams v. Miss. Dep’t of Corrs., 831 So.2d 1105, 1107(116) (Miss.2002) (quoting Rowzee v. Pub. Employees’ Ret. Sys., Ill So.2d 664, 666-67(¶ 12) (Miss.2000)).
¶ 5. Moeller was terminated for a Group III, Number 11 offense. According to the Mississippi State Employee Handbook, Group III is for offenses “of the most serious nature.” Number 11 prohibits: “an act or acts of conduct occurring on or off the job which are plainly related to job performance and are of such nature that to continue the employee in the assigned position could constitute negligence in regard to the agency’s duties to the public or to other state employees.” MDHS maintained that termination under this section was appropriate because it could not replace Moeller, and her work therefore was not being done during the years that she was gone.
¶ 6. As support, MDHS cites Mississippi Code Annotated section 25-3-93(2) (Rev. 2006), which reads in part: “Leaves of absence granted by the appointing authority for one (1) year or less shall be permitted without forfeiting previously accumulated continuous service.” MDHS argues: “It has been established that MDHS policy is to terminate an employee that has been absent from employment for a period which exceeds twelve (12) months. This is not only the policy of MDHS, but is expressly mandated by § 25-3-93(2) of the Mississippi Code of 1972, Annotated.” Likewise, the decisions affirming Moeller’s termination cite this statute as support for her termination.
¶ 7. However, the Mississippi State Employee Handbook makes clear that section 25-3-93(2) does not apply to Moeller’s situation. The handbook expressly references the section and then explains that a leave of absence, which is addressed by section 25-3-93(2), “should not be confused with leave without pay. A leave of absence is for the purpose of accepting another position in non-state service.” There is no evidence whatsoever in the record before us to indicate that Moeller was absent from work for the purpose of obtaining non-state employment. Therefore, section 25-3-93(2) cannot work as support for her termination. Regardless, testimony by MDHS employees maintained that it *958 is the policy of MDHS to terminate employees who are absent from work for more than one year. This Court has been unable to find any written policy to such end, other than those addressing leaves of absence under section 25-3-93(2), and none was included in the record.
¶ 8. It is clear to this Court that Moeller should not have been terminated for a Group III offense. In fact, there is nothing about Moeller’s conduct that would make it an “offense.” By way of example, some of the offenses prohibited by Group III are: going to work intoxicated, breaching agency security, violating established safety rules “where there exists a threat to life or human safety,” unauthorized possession of “dangerous weapons,” falsification of records, and “acts of physical violence.” Notably, Group III, Number 1 prohibits: “unauthorized absence or leave in excess of three (3) consecutive working days without proper notification and satisfactory explanation to the supervisor or the appointing authority in a timely manner.” However, MDHS could not use this section to terminate Moeller because she clearly provided notification and a satisfactory explanation to her employer.
¶ 9. Moeller suffered serious injuries while working that left her totally temporarily disabled, as shown by the full payments she received from worker’s compensation during the entire time of her absence from MDHS. This circumstance is clearly not the sort of “offense” that is contemplated by Group III of the State Employee Handbook.[3] Therefore, we find that the decision to terminate Moeller was not based on substantial evidence. Therefore, we reverse and remand to MDHS for proceedings consistent with this opinion.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY IS REVERSED AND THIS CASE IS REMANDED TO THE MISSISSIPPI DEPARTMENT OF HUMAN SERVICES FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.

. Moeller contends that although her job ti-tied her a "secretary,” she was assigned to *957 work in a supply room, which she was reorganizing at the time of her injury.

. Much of Moeller’s appeal before this Court concerns the computation of her time off from work and whether her time under the Family Medical Leave Act and her personal leave should have been applied during her absence. Because we find that Moeller’s termination was improper, we do not address the computation of her leave.

. We note, however, that Section 10 of the handbook does allow for involuntary dismissal of a state employee who fails “to continue to meet the eligibility criteria for the position held or [who is unable] to perform the essential functions of the job.”